IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:20-cr-33 |
| v. | ) | |
| | ) | Re:   ECF No. 86 |
| | ) |        ECF No. 87 |
| BRIAN L. GUSTAFSON, | ) |        ECF No. 88 |
| | ) |        ECF No. 89 |
| Defendant. | ) |        ECF No. 90 |

**MEMORANDUM OPINION**

Presently pending before this Court are several motions filed by Defendant Gustafson: Motion to Compel Disclosure of Favorable Evidence [ECF No. 86]; Motion to Compel 404(b) Materials [ECF No. 87]; Motion for Production of Jencks Material [ECF No. 88]; Motion to Dismiss Count III of the Indictment [ECF No. 89]; and Motion to Preserve Rough Notes [ECF No. 90].

## I.   Background

On August 11, 2020, an indictment was returned by the grand jury charging Brian Gustafson with three tax-related crimes. He was charged at

- Count One with Tax Evasion from in and around April 2010 to in and around October 2017, in violation of 26 U.S.C. § 7201;

- Count Two with False Income Tax Return of other document in violation of 26 U.S.C. § 7206(1); and

- Count Three with Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue laws from in and around February 2017 to in and around October 2017 in violation of 26 U.S.C. § 7212(a).

1

Gustafson has filed several pretrial motions. ECF Nos. 86-90. The Government has filed an Omnibus response. ECF No. 94. And Gustafson has filed a reply brief. ECF No. 95. Accordingly, the motions are fully briefed and are ripe for disposition by this Court.

II.   **Motion to Dismiss Count III of the Indictment**

"Federal Rule of Criminal Procedure 12(b)(3)(B)(v) authorizes a defendant to lodge a pretrial challenge to the sufficiency of an indictment for 'failure to state an offense.'" *United States v. Blount*, 2025 WL 406035, at *2 (W.D. Pa. Feb. 5, 2025) *citing United States v. Willis*, 844 F.3d 155, 162 (3d Cir. 2016). In bringing such a motion, a defendant may "claim that an indictment fails to state an offense on the basis that the specific facts alleged...fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Willis*, 844 F.3d at 162. In considering such a motion, a court takes the factual allegations in the indictment as true. *United States v. Hird*, 913 F.3d 332, 339 (3d Cir. 2019). "In sum, the court generally engages in 'a narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury.'" *United States v. Miah*, 546 F. Supp. 3d 407, 418 (W.D. Pa. 2021) *quoting United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011). A pretrial motion to dismiss an indictment "allows a district court to review the sufficiency of the government's **pleadings**," but it is "not a permissible vehicle for addressing the sufficiency of the government's **evidence**." *United States v. King*, 2016 WL 1271387, at *1 (M.D. Pa. Apr. 1, 2016) *quoting United States v. Huet*, 665 F.3d 588, 594-95 (3d Cir. 2012) (emphasis in original).

Pursuant to Rule 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient to survive a motion to dismiss for failure to state an offense if it "(1)

2

contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Fattah*, 858 F.3d 801, 814 (3d Cir. 2017) *quoting United States v. Stevenson*, 832 F.3d 412, 423 (3d Cir. 2016). *See also United States v. Fahmy*, 2025 WL 345081, at *2 (M.D. Pa. Jan. 30, 2025). An indictment is generally sufficient where it "informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Id. quoting United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005).

In reviewing a motion to dismiss, a district court must consider only the facts alleged in the indictment. *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007). The Court's review is therefore limited to determining whether, assuming the facts alleged in an indictment are true, "a jury could find that the defendant committed the offense for which he was charged." *Huet*, 665 F.3d at 596. A district court should generally uphold an indictment "unless it is so defective that it does not, by any reasonable construction, charge an offense." *Willis*, 844 F.3d at 162, *quoting Vitillo*, 490 F.3d at 324.

Gustafson moves to dismiss Count III of the Indictment arguing that the Indictment is insufficient because it is missing an element mandated by the U.S. Supreme Court in *United States v. Marinello,* 584 U.S. 1 (2018). ECF No. 89. The Government argues that the Indictment is sufficient under the law.

Count III of the Indictment reads:

> From in and around February 2017, to in and around October 2017, in the Western District of Pennsylvania, the Defendant, Brian L. Gustafson, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by filing with the Internal Revenue Service a false Form 433-A

3

upon which he was to have listed detailed information regarding his business and personal assets and other information that would effectively inform the Internal Revenue Service concerning his financial status and ability to pay outstanding taxes that were then due and owing, but upon which he failed to note that he had bank accounts at P.C. Federal Credit Union and further that upon the Internal Revenue Service's discovery of his undisclosed accounts at P.C. Federal Credit Union, he lied to the Internal Revenue Service about his use of the accounts at P.C. Federal Credit Union. All in violation of Title 26, United States Code, Section 7212(a).

ECF No. 1, page 3. The Indictment Memorandum lists the essential elements of Count III as:

(1) the defendant in any way corruptly

(2) endeavored to

(3) obstruct or impede the **due administration** of the Internal Revenue's laws.

ECF No. 2, page 3 (emphasis added).

Here, the statements in the Indictment are sufficient because an indictment is legally sufficient if it "(1) identifies the statute the defendant is charged with violating, (2) sets forth the essential elements of the alleged offense, and (3) specifies the time period during which the purported violations occurred." *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (noting that an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend."). The Indictment satisfies the basic requirements of Rule 7(c)(1) that mandate it be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The information in the Indictment is all that is needed to survive the challenge of a motion to dismiss. *See Huet*, 665 F.3d at 595; *United States v. Manganas*, 2017 WL 2547310, at *4 (M.D. Pa. June 13, 2017) (finding indictment sufficient when it identified charging statute, elements of the offense by tracking statutory language, and specifying time period of alleged offense).

4

Gustafson does not argue that the Indictment fails to plead the three essential elements of § 7212(a). Instead, he contends that the Indictment fails to meet additional requirements announced by the Supreme Court in *United States v. Marinello,* 584 U.S. 1 (2018). There, the Supreme Court examined 26 U.S.C. § 7212(a), known as the "Omnibus Clause," in the context of a direct appeal from a criminal conviction. *Id.* The Court held that (1) "due administration" in the statute means "specific interference with targeted governmental tax-related proceedings, such as a particular investigation or audit; (2) a nexus between the defendant's conduct and a particular administrative proceeding is required; and (3) the Government must show that a particular administrative proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable." *Id.* at 13.

Gustafson is correct that the Indictment fails to sufficiently lay out any nexus between his conduct and any administrative proceeding. However, such is not the basis upon which to strike the charge from the Indictment. The *Marinello* Court's ruling was limited to what was required to sustain a conviction; it did not evaluate whether the Government's indictment was sufficiently pled. *See United States v. Guirguis*, 2018 WL 5270315, at *3 (D. Haw. Oct. 23, 2018) ("The Supreme Court did not find that the Government must <u>plead</u> a nexus between the defendant's conduct and an administrative proceeding into the charging document.") (emphasis added). Gustafson asks this Court to extend *Marinello's* nexus requirement to pleading. This we will not do. Gustafson cites no direct authority in which a court has adopted such an expansive position, and our own review has uncovered none. On the contrary, our review has revealed decisions reaching the opposite conclusion. *See United States v. Prelogar*, 996 F.3d 526, 532 (8th Cir. 2021) ("We conclude that *Marinello* clarifies what must be proven to sustain a conviction under § 7212(a) but does not require that nexus and knowledge be charged in the indictment."); *United*

*States v. Prelogar*, 2018 WL 5730165, at *2 (W.D. Mo. Nov. 2, 2018) ("[T]he nexus requirement need not be included in the indictment charging a violation of § 7212(a). The text of *Marinello* sets forth standards 'to secure a conviction,' not to state an offense in an indictment. And courts interpreting other federal laws with similar language have held that *Marinello's* 'nexus' requirement need not be included in an indictment."); *Guirguis*, 2018 WL 5270315.

Accordingly, the motion to dismiss will be denied.

### III.   Motion to Compel Disclosure of Favorable Evidence

Next, Gustafson moves for disclosure of favorable evidence, plea bargains, preferential treatment, and promises to government witnesses.[1] ECF No. 86. Although Gustafson's request appears to demand an extensive list of items, it actually refers only to broad categories of records and information, without offering any specific supporting argument. He acknowledges that the

---

[1] Gustafson specifically seeks the following:

- Records and information revealing prior convictions attributed to each witness to be called by the Government;
- Records and information revealing prior misconduct or bad acts attributed to each witness;
- Consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness, living or deceased;
- All threats or pressure directed against any witness;
- Prior testimony of witnesses related to this case;
- Prior testimony of informant or co-conspirators;
- Personnel and disciplinary files for law enforcement witnesses;
- Any information useful for undermining witness credibility;
- Drug and alcohol use history of witnesses;
- Information relating to law enforcement assistance given to cooperators;
- Payments to informants, or cooperators, and witnesses; and
- Identity and plea deal details of all government witnesses.

ECF No. 86.

6

information sought is "simply an extension of the obvious exculpatory material that the Government is obliged to produce for the defense." *Id.* at ¶ 15.

Criminal pretrial discovery is "vastly different from discovery in civil cases." *United States v. Ramos*, 27 F.3d 65, 67 (3d Cir. 1994). "Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the Due Process Clause of the Constitution." *Id.* at 68. Unless Federal Rule of Criminal Procedure 16(a)(1) provides otherwise, the Rule "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."

Rule 16(a)(1) requires the government, when requested by a defendant, to disclose, within proscribed limits, the defendant's oral, written, or recorded statement (Rule 16(a)(1)(A) & (B)) and the defendant's prior record (Rule 16(a)(1)(D)). In addition, pursuant to Rule 16(a)(1)(E), upon a defendant's request, "the government must permit a defendant to inspect and to copy or photograph" those documents and objects. Fed.R.Crim.P. 16(a)(1)E). Similarly, when requested by a defendant, the government must permit the inspection, copying, or photographing of results or reports of any physical or mental examinations and scientific tests or experiments. Fed.R.Crim.P. 16(a)(1)(F). Finally, when requested, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, … during its case-in-chief at trial," and the written summary "must describe the witness's opinion, the bases and reasons for those opinions, and the witness's qualification." Fed.R.Crim.P. 16(a)(1)G). In addition, the Federal Rules impose a continuing duty upon the government to disclose any

evidence it discovers. Fed.R.Crim.P. 16(c). In addition to the discovery requirements laid out in the Federal Rules of Criminal Procedure, the Government has certain constitutional obligations that it must meet. *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976).

In response to Gustafson's motion, the Government states that it is not aware of any exculpatory *Brady*-type material favorable to Gustafson, but will expeditiously forward such if it becomes available. With respect to impeachment evidence, the Government explains that it will produce any exculpatory information consistent with its *Brady/Giglio/Agurs* obligations if such is discovered. Finally, in regard to the identity of confidential informants and trial witnesses, the Government contends that it will provide their identities, as well as corresponding Jencks Act materials on the Friday before Monday jury selection. ECF No. 94.

This Court is satisfied with the Government's explanation that it has fulfilled its relevant and timely discovery obligations and that it will continue to do so in the future. Accordingly, the motion will be denied without prejudice.

### IV. Motion to Compel 404(b) Materials

Next, Gustafson seeks to have the Government disclose any "written statement of any uncharged evidence it intends to introduce at the time of trial as well as any evidence it intends to introduce under Rules 404(b), 609, or 807" at least thirty days prior to trial. ECF No. 87.

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). However, such evidence of prior bad acts "may be admissible for another purpose, such as proving motive,

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404 provides that a prosecutor must:

> (A) Provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) Articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) Do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

The purpose of this pretrial notice requirement is to "reduce surprise and promote early resolution on the issue of admissibility." *United States v. Eddings*, 2021 WL 5280929, at * 4 (W.D. 2021) *quoting United States v. Stanko*, 2021 WL 2349392, at * 15 (W.D. Pa. 2021). What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution." *United States v. Searcy*, 2020 WL 7066335, at * 10 (W.D. Pa. 2020) *quoting United States v. Johnson*, 218 F.Supp. 3d 454, 462 (W.D. Pa. 2016). As for Rule 609, this rule requires that the Government provide notice to a defendant of its intent to use a conviction older than ten years as impeachment evidence with enough time so "that the party has a fair opportunity to contest its use." Fed.R.Evid. 609(b)(2). Rule 807(b) requires the same reasonable notice be provided to defense counsel. Fed.R.Evid. 807(b).

This Court is not inclined to order the Government to provide the requested information this far in advance of trial. The Government has acknowledged its obligation and indicated its intent to fully comply with the requirements of all three evidentiary rules. Moreover, the Court's pretrial scheduling order will address the appropriate timeline for disclosure under the Rules.[2]

---

[2] Nothing in this Opinion prohibits the parties from entering into a joint stipulation as to the dates upon which this notice will be provided.

9

Accordingly, Gustafson's motion will be denied without prejudice and may be reasserted closer to trial, if necessary.

### V.      Motion for Early Disclosure of all Jencks Material

Next, Gustafson seeks an order directing that the Government disclose to him all materials under 18 U.S.C. § 3500, the Jencks Act, at least thirty days prior to trial. He argues that "given the volume of Jencks material that is expected, the Defendant will require additional time within which to review such material and to conduct any indicated investigation(s) predicated upon such materials if he is to be afforded a fair trial." ECF No. 88.

Pursuant to the Jencks Act, along with Federal Rule of Criminal Procedure 26.2, when a government witness testifies on direct examination, the defendant is entitled to a copy of "any statement … of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b)(2). The purpose of the Jencks disclosure is to allow the defendant to examine the witness's statements for potential inconsistencies that could be used to challenge the witness's credibility. *See United States v. Rosa*, 891 F.2d 1074, 1076-77 (3d Cir. 1989). Both the statute and the federal procedural rule provide that the government has no obligation to produce Jencks material until the witness has testified. 18 U.S.C. § 3500(a); Fed.R.Crim.P. 26.2(a); *United States v. Merlino*, 349 F.3d 144, 155 (3d Cir. 2003) ("Such [Jencks Act] disclosures must be made after each witness testifies on direct examination."). However, in practice, many federal prosecutors provide Jencks material to the defense a few days before a witness testifies. *See United States v. Maury*, 695 F.3d 277, 248 n.18 (3d Cir. 2012).

In the Court's standard pretrial scheduling order, the government will be encouraged to provide all Jencks materials three days before the commencement of trial. And the Government has stated that it has no objection to this time frame. *See* ECF No. 94, page 10. Additionally, the defense will be permitted to request leave, for good cause shown, to assert motions *in limine* out of time, to the extent that Gustafson's receipt of the Jencks materials may so warrant.

Accordingly, the present motion will be denied without prejudice.

### VI. Motion to Preserve Rough Notes

Finally, Gustafson seeks an order that all law enforcement officers retain all rough notes and writings made during the investigation of this case. ECF No. 90. Gustafson requests only that the notes be maintained and not produced at this juncture.

"The rule within this judicial circuit is that investigating agents must preserve their rough interview notes so that the trial court can determine, if necessary, whether they should be produced as *Brady* or Jencks Act material." *See United States v. Hertel & Brown Physical and Aquatic Therapy*, 2024 WL 2819301, at *17 (W.D. Pa. June 3, 2024) *citing United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) and *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977).

In response to Gustafson's motion, the Government explains that it "is aware of its obligation to retain these materials" pursuant to case law and that it has "directed the law enforcement agents involved … to retain all their notes pertinent to their investigation." ECF No. 94, p. 11 n.1. Because the Government assures this Court that the agent notes are being preserved, and Gustafson offers no evidence or argument to dispute this, his motion will be denied as moot.

An appropriate Order follows.