IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **Case No. 1:20-cr-33** |
| **v.** | ) | |
| | ) | |
| | ) | **Re: Restitution** |
| **BRIAN L. GUSTAFSON,** | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

## I. Background

On August 11, 2020, an indictment was returned by the grand jury charging Brian Gustafson with three tax-related crimes. He was charged at

- Count One with Tax Evasion from in and around April 2010 to in and around October 2017, in violation of 26 U.S.C. § 7201;

- Count Two with False Income Tax Return or other document in violation of 26 U.S.C. § 7206(1); and

- Count Three with Corrupt Endeavor to Obstruct or Impede the Due Administration of the Internal Revenue laws from in and around February 2017 to in and around October 2017 in violation of 26 U.S.C. § 7212(a).

Nearly five years later, Gustafson entered a plea of guilty to Count One (Tax Evasion) of the Indictment. ECF No. 131. As part of the plea agreement, Gustafson agreed to pay restitution consisting of tax losses for each of the years between 2010 and 2017 plus interest on the tax loss amounts to be calculated by the IRS. ECF No. 130. In exchange, the parties agreed that the appropriate sentence was a term of probation of three (3) years. *Id.* Shortly before sentencing, the parties moved jointly for a separate restitution hearing and that motion was granted. ECF No. 158, 159.

On July 7, 2026, Gustafson was sentenced to three (3) years of probation. ECF No. 162.[1] The Court imposed a series of conditions as part of Gustafson's supervision, including, in pertinent part:

- Maintaining full-time, lawful employment;
- Providing the Probation Office with access to any requested financial information and authorizing the release of any financial information, including copies of all federal and state income tax returns;
- Filing local, state, and federal income tax returns and cooperating with the IRS in the collection of any past due taxes including penalties and interest; and
- Refraining from transferring any asset worth more than $1,000 without the approval of the Probation Office.

ECF No. 162, pages 3-4.

A Restitution hearing was held on October 29, 2026. ECF No. 166. At the hearing, the Government presented testimony from Revenue Officer Erik Stark of the IRS. Officer Stark authenticated a Payoff Calculation Report he prepared to assess restitution in this case. The Report indicated the amount of restitution due as $534,422.08. At the hearing, Gustafson agreed to the amount of restitution as calculated by the Government but he requested a payment schedule. Supplemental briefing was permitted.

Presently before this Court is the matter of restitution and the requested payment schedule. In making its determination, the Court has reviewed evidence presented at the

[1] At sentencing, Counts Two and Three of the Indictment were dismissed on motion of the United States. ECF No. 162.

restitution hearing and the Sentencing Memorandum from the Government [ECF No. 153] and Defendant [ECF No. 155], as well as supplemental briefing by both [ECF No. 168, 169] and a Restitution Memorandum by the Government [ECF No. 165].

## II. Analysis

Disputes regarding either the proper amount or type of restitution "shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e). It is the Government's burden to demonstrate the "amount of the loss sustained by a victim as a result of the offense." *Id.* Here, the Government has produced evidence that the amount of loss is $534,422.08. ECF No.166. In his pre-hearing briefing, Gustafson requested "an explicit breakdown and crediting of payment tendered" believing "there to be unaccredited payments made by way of the bankruptcy, transferring properties, and other means." ECF No. 153, p. 1. However, at the hearing, Gustafson did not refute the Payoff Calculation Report or the amount of restitution owed. The preponderance of the evidence supports the finding that proper restitution in this case is $534,422.08.

Gustafson asks the Court to permit him to pay restitution through a payment plan. At the restitution hearing, however, he offered neither a proposed plan nor evidence to support one, and the Court therefore allowed supplemental briefing, among other reasons. In his post-hearing brief, Gustafson contends that, given his limited income and resources, as well as the risk that any larger payment would cause him to default, a reasonable plan would be $150 per month.[2]

---

[2] This Court notes that at $150 per month, Gustafson's proposed plan would take roughly 3,563 months, or nearly 297 years, to satisfy the $534,422.08 restitution obligation, even without accounting for interest.

A defendant sentenced to pay restitution ordinarily "shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). When setting the manner and schedule of payment, the court must consider the defendant's financial resources and assets, projected earnings and other income, and financial obligations. 18 U.S.C. § 3664(f)(2). The burden of demonstrating those financial resources rests on the defendant. 18 U.S.C. § 3664(e).

Despite being given the opportunity for a restitution hearing, as well as supplemental briefing on this precise issue, the argument and evidence produced by Gustafson is scarce at best. His sparse and unreliable evidence make the assessment of his financial situation incomplete and frustrate any attempt to create a payment schedule. He denies having any ownership rights to any of his former businesses and denies having any bank accounts. Gustafson's only proof of income is three lists of dates and hours worked: they are printed on company letterhead and signed and dated by his daughter, who allegedly took over his ambulance business after this case was charged. *See* ECF No. 168-1, pages 1-3. According to these lists, Gustafson was paid $12.00 per hour and worked an average of 30 hours a week from July 9, 2006 through October 5, 2026. As the Government points out, no payments can be verified by the IRS as neither the company nor Gustafson himself have filed or paid income or payroll taxes since 2020.[3] The evidence before this Court is insufficient to meet Gustafson's burden to demonstrate the scope of his resources and assets, projected earnings and income, and his financial obligations. Accordingly, Gustafson's request for a payment schedule must be denied.

---

[3] The Government notes that the IRS can identify that the ambulance company continues to operate and has generated hundreds of thousands of dollars in revenue based on 1099s submitted by third party insurance companies which detail payments tendered to the company.

Moreover, even if Gustafson had met this burden, this Court is disinclined to allow any payment schedule given Gustafson's history of repeatedly failing to promptly produce financial records to Court officers and his continued failure to file tax returns.

Gustafson shall be ordered to pay the full restitution of $534,422.08 in a single payment within ninety days. An appropriate Order follows.

Dated: November 23, 2026

Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge